

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-6

|  |  |
|---|---|
| GREGORY WHITT<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered:** September 3, 2014<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. JV-13-404]<br><br>HONORABLE STACEY ZIMMERMAN, JUDGE<br><br>REVERSED AND REMANDED |

### RHONDA K. WOOD, Judge

Gregory Whitt appeals from the circuit court's order granting Jennifer Shirley permanent custody of their three children at a dependency-neglect review hearing and closing the case. We hold that the court erred when it found that granting Jennifer permanent custody was in the children's best interest. We accordingly reverse and remand.

In June 2013, the Department of Human Services (DHS) exercised a 72-hour hold on Gregory Whitt's three children after he had been arrested for domestic violence, public intoxication, and endangering the welfare of a minor. The children's mother, Jennifer Shirley, was living in Florida at the time. Gregory had obtained custody of the three children by an August 2012 agreed order.

The children were placed in foster care, and the circuit court later adjudicated the children dependent-neglected. In its adjudication order, the court made the following findings regarding the night the children entered DHS's custody: Gregory and his



girlfriend were drunk when the police arrived at their house; Gregory placed one of the children between him and the door to prevent the police from entering; and his girlfriend had a bloody lip.

At the hearing, the court ordered the children to remain in foster care. A no-contact order was already in place between Gregory and his children. The court ordered Gregory to undergo counseling and be drug tested. Jennifer, appearing at the hearing via telephone, was ordered to submit to a hair-follicle test, undergo a psychological evaluation, and be present at the next review hearing.

The court held the six-month-review hearing in October 2013. Both Gregory and Jennifer appeared; neither was represented by counsel. The first witness was Ritchie McFarland, the family-service worker. He testified that Gregory had completed counseling but had failed a drug test. McFarland recommended that the children stay in foster care. He had concerns regarding Gregory, who had said he knew where the foster parents lived and "would get his children back the legal or the illegal way." Gregory made desultory attempts to cross-examine McFarland. And, in what would become a recurring motif, the court admonished Gregory to stay on point and ask relevant questions.

Gregory and Jennifer also testified, and the following facts were presented to the court. Jennifer lived in Florida with Gregory's brother, David Whitt. The two were not, however, in a relationship. Further, both the maternal and paternal grandmothers lived in Florida. Jennifer did not have a job and instead stayed home to care for her and Gregory's youngest child. (Per the August 2012 agreed order, Gregory had custody of the three oldest children, while Jennifer had custody of the fourth and youngest child.) Last, a



Florida court had placed David Whitt on probation for two counts of child neglect a year earlier.

After the testimony, both DHS and the ad litem recommended that the children stay in foster care. Despite these recommendations, the court awarded permanent custody of the children to Jennifer and closed the dependency-neglect case. In its ruling, the court noted that Gregory was mentally unstable, posed an emotional threat to his children,[1] and was unfit. It further found that Jennifer had passed a drug test and that her visitation had gone well. It ruled that giving Jennifer custody was in the children's best interest. Finally, the court ruled that Gregory could have visitation once the no-contact order was lifted but added the requirement that his brother, David, supervise it.

Gregory appeals the court's order granting Jennifer permanent custody and closing the dependency-neglect case. He makes two separate arguments: (1) placing the children in Jennifer's custody is contrary to their best interest and (2) the court lacked the authority to close the case at a review hearing. DHS and the ad litem agree and join with Gregory's first point. They disagree, however, with his second point. They contend that the issue is not preserved, and we agree. The issue regarding the court's authority to close the case at a review hearing is not preserved because it has been raised for the first time on appeal. *See Ingle v. Ark. Dep't of Human Servs.*, 2014 Ark. 53, 431 S.W.3d 303. But we do agree with all parties that the court's custody decision is clearly erroneous and reverse and remand for further proceedings.

---

[1]The court was particularly concerned with Greg's testimony that "[m]y boys and I run on one wave length. . . . We are each other's air we breathe."



This court reviews findings in dependency-neglect proceedings de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Porter v. Ark. Dep't of Human Servs.*, 374 Ark. 177, 286 S.W.3d 686 (2008). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Seago v. Ark. Dep't of Human Servs.*, 2011 Ark. 184, 380 S.W.3d 894. We give great deference to the circuit court as it is in a far superior position to judge the credibility of the witnesses. *Krantz v. Ark. Dep't of Human Servs.*, 2011 Ark. 185, 380 S.W.3d 927.

The circuit court granted full custody of the three children to Jennifer despite numerous issues with her living situation. First, and most troublesome, Jennifer was currently living with an individual recently placed on probation for child neglect—David, Gregory's brother. The court did not inquire into the factual basis underlying David's court case. In fact, the court placed David in a position of prominence in the children's lives, allowing him to supervise Gregory's visitation. Second, Jennifer had yet to complete the court-ordered psychological evaluation. Third, Jennifer was not working, and there was no testimony that she would be capable of supporting all four children; indeed, there was no inquiry into the circumstances surrounding Gregory and Jennifer's August 2012 agreed order that gave Gregory full custody over the three oldest children. Finally, there was no specific testimony regarding Jennifer's living situation: for example, no questions were asked whether there was adequate living space for the children, whether the home was environmentally appropriate, or how she would financially provide for them.

SLIP OPINION

Based on our review of the record, we are convinced that the circuit court erred when it found that it was in the children's best interest to grant Jennifer permanent custody. Given the truncated nature of the proceedings at this review hearing, there simply was not enough information in front of the court to make this decision. Rather, the facts in front of the court suggested the need for further investigation into the appropriateness of both parents. None of the parties was prepared to litigate permanent custody at this hearing. Neither mother nor father had counsel; moreover, it was evident that DHS and the ad litem were not aware permanent custody was an option at the hearing prior to the court's pronouncement at the end. Had they known, perhaps they could have elicited more facts concerning Jennifer's living situation. Because the court's decision is clearly erroneous, we reverse the order granting Jennifer custody and remand for further proceedings.

Reversed and remanded.

HARRISON and GRUBER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor child.